## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| **CHRIS MUNNERLYN,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:20-CV-225-LY** |
| | § | |
| **INSTALLED BUILDING PRODUCTS,** | § | |
| **LLC, KEY INSULATION OF AUSTIN,** | § | |
| **LLC, AND HINKLE INSULATION &** | § | |
| **DRYWALL, CO., LLC,** | § | |
| *Defendants* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO: THE HONORABLE LEE YEAKEL**
**UNITED STATES DISTRICT JUDGE**

Before this Court is Defendants' Motion for Partial Dismissal of Plaintiff's Complaint under FED. R. CIV. P. 12(b)(6), filed March 9, 2020 (Dkt. 3); Plaintiff's Response, filed March 23, 2020 (Dkt. 8); and Defendants' Reply, filed March 30, 2020 (Dkt. 11). On April 1, 2020, the District Court referred the motion to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.     Background

Plaintiff Chris Munnerlyn alleges that he "has lived with an epilepsy diagnosis since he was a child and regularly takes medication to treat his epilepsy." Plaintiff's Original Petition, Dkt. 1-1 at ¶ 15. In 2015, Installed Building Products, LLC ("IBP"), a national installation contractor, hired Plaintiff "to focus on a particular segment of projects along with managing custom homes builders for central Austin and the coast." *Id.* at ¶ 12. Plaintiff alleges that he worked for IBP for three years and "was a loyal employee for IBP and never received any disciplinary action." *Id.* at ¶¶ 10, 14.

On September 10, 2018, shortly after Plaintiff started taking a new epilepsy medication, Plaintiff suffered three seizures and was rushed to the hospital. After Plaintiff was released from the hospital the next day, he took a 30-day period of disability leave. Plaintiff returned to work on October 11, 2018. On November 16, 2018, IBP terminated Plaintiff's employment. Although IBP told Plaintiff that he was terminated due to "company cuts," Plaintiff alleges that he was terminated "because of his disability, medical condition, and protected leave." *Id.* ¶¶ 28, 30.

On January 31, 2020, Plaintiff filed this lawsuit in state court against IBP and alleged joint employers Key Insulation of Austin, LLC, and Hinkle Insulation & Drywall Co., Inc.[1] (collectively, "Defendants"). *Munnerlyn v. Installed Bldg. Projects, LLC*, D-1-GN-20-000645 (419th Dist. Ct. Travis County, Tex. Jan. 31, 2020) (Dkt. 1-1). Plaintiff's Petition alleges that he was discriminated against because of his epilepsy condition, in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112(a); the Genetic Information Nondiscrimination Act ("GINA"), 42 U.S.C. § 2000ff-1; and Chapter 21 of the Texas Labor Code.

On March 2, 2020, Defendants removed the case to federal court on the basis of federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Shortly thereafter, Defendants filed the Partial Motion to Dismiss, arguing that Plaintiff has failed to a viable cause of action under GINA.

## II.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss an action for failure to state a claim on which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the [nonmovant]." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205

---

[1] Defendants contend that Plaintiff mistakenly named "Hinkle Insulation & Drywall Co., LLC" as a defendant when the correct entity to be sued is "Hinkle Insulation & Drywall Co., Inc." *See* Defendants' Answer, Dkt. 4 at ¶ 6.

(5th Cir. 2007) (internal quotation marks omitted). The Supreme Court has explained that a complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the [nonmovant] pleads factual content that allows the court to draw the reasonable inference that the [movant] is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678.

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Twombly*, 550 U.S. at 555 (cleaned up). The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III.    Analysis

In his GINA claim, Plaintiff alleges that Defendants "discriminated against Plaintiff by discharging him from employment because of Plaintiff's genetic information" and that they "knew about Plaintiff's epilepsy diagnosis and terminated him because of it." Dkt. 1-1 at ¶¶ 45-46. Defendants argue that Plaintiff's claim under GINA should be dismissed because Plaintiff has failed to allege any facts showing that Defendants discriminated against him on the basis of "genetic information" or "genetic tests" as required by the statute. The Court agrees.

Congress enacted Title II of GINA "to protect job applicants, current and former employees, labor union members, and apprentices and trainees from discrimination based on their genetic information." Regulations Under the Genetic Information Nondiscrimination Act of 2008, 75 Fed.

Reg. 68912-01 (Nov. 9, 2010). "The basic intent of GINA is to prohibit employers from making a predictive assessment concerning an individual's propensity to get an inheritable genetic disease or disorder based on the occurrence of an inheritable disease or disorder in a family member." *Poore v. Peterbilt of Bristol, L.L.C.*, 852 F. Supp. 2d 727, 730 (W.D. Va. 2012).

Under GINA, it is unlawful for an employer "to fail or refuse to hire, or to discharge, any employee, or otherwise to discriminate against any employee with respect to the compensation, terms, conditions, or privileges of employment of the employee, because of genetic information with respect to the employee." 42 U.S.C. § 2000ff-1(a). The Act also makes it unlawful "for an employer to request, require, or purchase genetic information with respect to an employee or a family member of the employee," with some exceptions. 42 U.S.C. § 2000ff-1(b). The statute defines "genetic information" as information about an individual's (1) genetic tests;[2] (2) the genetic tests of his or her family members; or (3) the manifestation of a disease or disorder in his or her family members. 42 U.S.C. § 2000ff(4)(A).

An employer, however, does not violate GINA through "the use, acquisition, or disclosure of medical information that is not genetic information about a manifested disease, disorder, or pathological condition of an employee or member, including a manifested disease, disorder, or pathological condition that has or may have a genetic basis." 42 U.S.C. § 2000ff-9.[3] The regulations promulgated under the statute further clarify that GINA prohibits only discrimination on the basis of genetic information and not on the basis of a manifested disease: "The fact that an individual has the diagnosed disease, disorder, or pathological condition will not be considered

---

[2] "Genetic test" is defined as "an analysis of human DNA, RNA, chromosomes, proteins, or metabolites, that detects genotypes, mutations, or chromosomal changes." 42 U.S.C. § 2000ff(7)(A).

[3] *See also* 29 C.F.R. § 1635.12(a)(1) ("A covered entity shall not be considered to be in violation of this part based on the use, acquisition, or disclosure of medical information that is not genetic information about a manifested disease, disorder, or pathological condition of an employee or member, even if the disease, disorder, or pathological condition has or may have a genetic basis or component.").

genetic information about the individual; nor will information about the signs or symptoms the individual has." 75 Fed. Reg. 68917. In short, "GINA prohibits discrimination based on genetic information and not on the basis of a manifested condition, while the ADA prohibits discrimination on the basis of manifested conditions that meet the definition of disability." *Id.* at 68931.

Accordingly, under GINA, there is a clear statutory distinction between medical information, such as a disease like epilepsy, and genetic information unlawfully used by an employer. Fifth Circuit precedent also supports this finding. In *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 826-27 (5th Cir. 2015), the Fifth Circuit rejected the plaintiff's argument that his employer discriminated against him in violation of GINA by requiring him to participate in a mandatory wellness program, reasoning as follows:

> The district court correctly dismissed this claim because Ortiz presented no evidence that SAFD requested, required, or purchased his genetic information, or discriminated against him on the basis of genetic information. . . . Ortiz also ignores the statutory distinction between "medical information" and "genetic information." Far from plainly erroneous, the district court's decision comports with the plain language of the statute and the sparse case law in this area.

Plaintiff here similarly ignores the statutory distinction between medical and genetic information. While Plaintiff alleges in his Petition that Defendants terminated him "because of Plaintiff's genetic information," Plaintiff does not identify any facts showing that Defendants had access to or used any genetic information or genetic testing. Instead, Plaintiff's Response focuses on undisputed issues that are irrelevant to Defendants' motion, including arguments that an employee potentially could bring claims under both GINA and the ADA. In addition, instead of pointing to any actual genetic information or genetic testing on which Defendants allegedly relied, Plaintiff simply speculates that his epilepsy diagnosis potentially could "contain genetic information." Dkt. 8 at 4. Factual allegations, however, "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

5

Plaintiff does not allege that Defendants used, requested, or collected any genetic information or genetic tests about him. Plaintiff alleges only that Defendants were aware that he had been diagnosed with epilepsy and was taking medication for epilepsy. But as the statute unequivocally states, an employer does not violate GINA through "the use . . . of medical information that is not genetic information about a manifested disease," even if that manifested disease "has or may have a genetic basis." 42 U.S.C. § 2000ff-9. *See, e.g.*, *Green v. Whataburger Rests. LLC*, 2018 WL 6252532, at **3-4 (W.D. Tex. Feb. 22, 2018) (holding that plaintiff failed to state a valid claim under GINA where she failed to provide plausible factual support that she or her daughter were discriminated against based on genetic tests or information); *Duignan v. City of Chicago*, 275 F. Supp. 3d 933, 939 (N.D. Ill. 2017) (dismissing GINA claim where plaintiff alleged only that employer discriminated against him because of his diagnosis of Huntington's disease, not based on any genetic information); *Smith v. Donahoe*, 917 F. Supp. 2d 562, 571 (E.D. Va. 2013) ("[T]he Court finds that Plaintiff has not pled any facts indicating that any of the Defendants requested or obtained Plaintiff's 'genetic information' and discriminated against him on the basis of such 'genetic information.'"); *Dumas v. Hurley Med. Ctr.*, 837 F. Supp. 2d 655, 666 (E.D. Mich. 2011) (dismissing GINA claim for failure to allege use or misuse of "genetic information" as defined by the statute). Because Plaintiff has failed to allege any facts showing that Defendants used genetic information or genetic tests to discriminate against him, Plaintiff has failed to state a plausible claim of discrimination under GINA.

The Court finds that Defendants' Motion to Dismiss Plaintiff's GINA claim should be granted because Plaintiff has failed to state a claim to relief that is "plausible on its face." *Ashcroft*, 556 U.S. at 678. Plaintiff's claims under the ADA and Chapter 21 of the Texas Labor Code remain pending.

## IV.    Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** Defendants' Motion for Partial Dismissal of Plaintiff's Complaint under FED. R. CIV. P. 12(b)(6) (Dkt. 3) and **DISMISS** Plaintiff's claim under the Genetic Information Nondiscrimination Act.

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Lee Yeakel.

## V.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on May 18, 2020.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE